<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL R. BENZAKEN, | Civil Action No. 26-4904 (SDW) (JBC) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| DETECTIVE SEXTON *et al.*, | May 27, 2026 |
| Defendants. | |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon *pro se* Plaintiff Michael Benzaken's Complaint ("Compl.") received on May 1, 2026 (D.E. 1), Application to Proceed *in forma pauperis* ("IFP Application") filed on the same day (D.E. 1-1), and Motion for Appointment of Pro Bono Counsel ("Motion for Pro Bono Counsel" (D.E. 3)), and this Court having reviewed Plaintiff's submissions; and

  **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1); and

  **WHEREAS** here, Plaintiff did not use the proper form for his IFP Application and instead provided a "Declaration of Indigency". All litigants seeking to proceed *in forma pauperis* must submit the official IFP Application form available on this District's website. Accordingly, this Court will deny Plaintiff's request to proceed *in forma pauperis*. Additionally, because Plaintiff

1

has not submitted a proper IFP Application and this Court therefore cannot rule on it, Plaintiff's

Motion for Pro Bono Counsel is dismissed as premature.

Plaintiff's IFP Application is **DENIED** and his Motion for Pro Bono Counsel is **DENIED**

as premature.  Plaintiff shall have twenty (20) days from the date of this Opinion to submit a proper

IFP Application.  An appropriate order follows.


_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:   Clerk
cc:     Parties
        James B. Clark, U.S.M.J.

2